# NEWMAN MYERS KREINES HARRIS, P.C.

JAN KEVIN MYERS
CHARLES W. KREINES
IAN F. HARRIS
CHARLES DEWEY COLE, JR**

STEPHEN N. SHAPIRO
Of Counsel

RICHARD L. NEWMAN (1921-2006)
ABRAHAM S. ALTHEIM (1954-2005)

ATTORNEYS AT LAW
40 WALL STREET
NEW YORK, NY 10005
(212) 619-4350
FAX: (212) 619-3622
www.newmanmyers.com

NEWMAN MYERS KREINES HARRIS
A PARTNERSHIP PRACTICING IN NEW JERSEY AFFILIATED WITH
NEWMAN MYERS KREINES HARRIS, P.C.

ABRAHAM A. FRIEDMAN
JANINE SILVER
SHAHIN Y. MASHHADIAN
ALICIA R. BARTLEY
LAUREN N. EHRLICH*
CHRISTOPHER P. MYERS*
LUIS J. CORTAVARRIA

*   ALSO ADMITTED IN NJ
**  ALSO ADMITTED IN NJ, DC & TX

**MEMORANDUM ENDORSEMENT**          July 16, 2020

**VIA CM/ECF**
The Honorable Gabriel W. Gorenstein
United States District Court for the
  Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:  Revello v. Radjinder
       Docket No. 19 Civ. 10486 (ALC) (GWG)
       Our Reference: DU22653

Dear Judge Gorenstein:

  We are the attorneys for the defendants, Radjinder Shankar and Carlton R. Gadiare. We write to ask that the court enter two orders pertaining to discovery in the case. The first is a protective order prohibiting the deposition of Radjinder Shankar until the criminal case against him has been resolved. The second is an order modifying paragraph 4 of the scheduling order so that the plaintiff's expert-witness disclosure is due at the end of August and the defendants' opposing expert-witness disclosure is due at the end of October.

  Turning first to the application for a protective order, Mr. Shankar is a defendant in a criminal case now pending in the Criminal Court of the City of New York, Bronx County. *See People v. Radjinder*, No. 2019BX004645 (N.Y.C. Crim. Ct. Bronx County). The charges in the criminal case stem from the same motor-vehicle accident that is the subject of this action. We hoped that the criminal case would have been resolved at a scheduled June 22 appearance. But, in light of the health emergency, the court adjourned the criminal case until September 22. It remains pending.

  The usual practice in the Southern District when both criminal charges and civil claims are pending against the same defendant, is for the court to exercise its discretion and stay discovery from the civil defendant pending the outcome of the criminal case. *See, e.g.*,

NEWMAN MYERS KREINES HARRIS, P.C.
The Honorable Gabriel W. Gorenstein
July 16, 2020
Page 2 of 2

*Dienstag v. Bronson*, 49 F.R.D. 327, 328–29 (S.D.N.Y. 1970) ("discovery of defendants pending the termination of the criminal action should be stayed" when the "transactions . . . upon which the civil action is based are the same as those alleged in the indictment"); *Perry v. McGuire*, 36 F.R.D. 272, 274 (S.D.N.Y. 1964) ("taking of said depositions is stayed pending the determination of the criminal proceedings"); *SEC v. Control Metals Corp.*, 57 F.R.D. 56, 57–58 (S.D.N.Y. 1972). We thus ask the court enter a protective order prohibiting the plaintiffs' taking Mr. Shankar's deposition until the criminal charges against him are resolved.

The plaintiff should not be prejudiced by a protective order. First, Mr. Shankar has conceded liability. Second, the current health crisis will likely delay the trial of the civil action until the criminal case has been resolved. Nonetheless, the attorney for the plaintiff does oppose our application for a protective order.

Turning next to the application to modify the scheduling order, the plaintiff's expert-witness disclosure, which likely will consist of a physician's report and related material, was due for service on July 10, 2020. The plaintiff's attorney, Anthony Emanuel was, however, unable to serve the disclosure timely. After discussing the expert-witness disclosure, the parties ask that the date in the first sentence of paragraph 4 of the scheduling order be changed to August 31, which should give the plaintiff ample time to complete the expert-witness disclosure. The parties also ask that the date in the second sentence in paragraph 4 of the scheduling order be changed to October 30, 2020, which should give the defendants ample time to ask a physician to review the plaintiff's expert-witness disclosure, schedule and complete a physical examination, and prepare a report.

Respectfully,

NEWMAN MYERS KREINES HARRIS, P.C.

Charles D. Cole, Jr.

CDC:ls

cc:
**VIA CM/ECF**
Anthony J. Emanuel, Esq.
Bornstein & Emanuel, P.C.
Suite 201
200 Garden City Plaza
Garden City, New York 11530

The deposition of defendant Radjinder is stayed until the completion of his criminal case. The plaintiff will be permitted to depose Radjinder at that time. The deadlines in the first and second sentences of paragraph 4 of Docket # 10 are changed to August 31, 2020 and October 30, 2020, respectively. Additionally, the deadlines in paragraphs 5 and 6 are changed to November 30, 2020, and the deadline in paragraph 7 is changed to December 14, 2020. In the future, the attorneys should ensure that any application to extend deadlines in this matter complies with paragraph 1.E of the Court's Individual Practices.

So ordered.
Dated: July 17, 2020

GABRIEL W. GORENSTEIN
United States Magistrate Judge